IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Crim. No. 17-47-2-LPS |
| | : | |
| ROQUE VALDEZ, | : | |
| | : | |
| Defendant. | : | |
| | : | |

David C. Weiss, United States Attorney, and Whitney C. Cloud and Jennifer K. Welsh, Assistant United States Attorneys, District of Delaware, Wilmington, Delaware.

    Attorneys for the United States

James F. Brose, Media, Pennsylvania.

    Attorney for Defendant

**MEMORANDUM OPINION**

May 6, 2020
Wilmington, Delaware

**STARK, U.S. District Judge:**

The Defendant, Roque Valdez ("Valdez" or "Defendant"), has pled guilty to conspiracy to distribute 5 kilograms or more of cocaine, a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. (*See* D.I. 38 ¶¶ 1, 5) He has been detained since his arrest on May 6, 2017, exactly three years ago. (*See* D.I. 239 ("Motion" or "Mot.") ¶ 4) He faces a mandatory minimum sentence of at least five or ten years of incarceration. (*See id.* ¶ 3) Valdez is currently being detained at the Federal Detention Center in Philadelphia ("FDC"). (*See* D.I. 247 ("Resp.") at 1)

On April 15, 2020, Valdez filed a Motion for Temporary Release of Defendant Pursuant to 18 U.S.C. § 3141(b). (D.I. 239) In his Motion, Valdez "contends the development of the Covid-19 virus is a fact that was unknown to the Court at the time he was ordered detained, and he believes it has a material bearing on whether he should remain detained." (Mot. ¶ 7)

Having reviewed the parties' briefing, and for the reasons stated below, the Court will deny Valdez's Motion.

## LEGAL STANDARDS

Based on the serious drug felony to which Defendant pled guilty, he became automatically subject to detention, pursuant to 18 U.S.C. § 3143(a)(2), which provides:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described [as including the offense of conviction in the instant case] and is awaiting imposition . . . of sentence be detained unless –
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing

evidence that the person is not likely to flee or pose a danger to any other person or the community.

An order of detention pending sentencing imposed pursuant to § 3143(a)(2) can be appealed pursuant to 18 U.S.C. § 3145(c). For a defendant to prevail on such a request, the Court must find both: (1) clear and convincing evidence that the defendant, if released subject to conditions, is not likely to flee or pose a danger to the safety of any other person or the community, *see* 18 U.S.C. § 3143(a)(1); and (2) "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."[1]

## DISCUSSION

### I. Valdez Is Properly Detained Pursuant To § 3143(a)(2)

It is undisputed that Valdez has pled guilty to an offense that triggers detention pending sentencing pursuant to § 3143(a)(2). As he has pled guilty (as opposed to having been convicted during a trial), and has not moved to withdraw his guilty plea, there is no possibility of acquittal or a "new" trial. Nor has the government recommended a sentence of no incarceration. Therefore, Valdez is properly detained pursuant to § 3143(a)(2) and is not eligible for release under that provision of the statute.

### II. No "Exceptional" Reasons Have Been "Clearly Shown" To Release Valdez

To release Valdez pursuant to § 3145(c), the Court has to find both (1) clear and convincing evidence that Defendant, if released subject to conditions, is not likely to flee or pose a danger to the safety of any other person or the community; and (2) "it is clearly shown that

---

[1] Valdez's Motion cites 18 U.S.C. § 3141(b) (Mot. at 1), but that provision does not provide an independent basis for the relief he seeks. *See* § 3141(b) ("A judicial officer of a court of original jurisdiction over an offense . . . shall order that, pending imposition or execution of a sentence . . . a person be released or detained under this chapter.").

there are exceptional reasons why such person's detention would not be appropriate." The record does not support Valdez on the first of these prerequisites. (*Compare* Mot. ¶¶ 8-10 (asserting Valdez is U.S. citizen who would live with mother and brother in Arizona, has only a DUI conviction, and "stands to have a significantly lower sentence if he appears for sentencing than if he absconds") *with* Resp. at 3-4 (describing evidence showing Defendant remains risk of flight and danger to community))

As importantly, Valdez cannot show exceptional reasons to justify his release. The only basis he cites in this effort is the following:

> Given the current pandemic and the likely rampant spread in the FDC-Philadelphia if the virus enters the facility, Mr. Valdez is concerned for his well-being.
>
> . . . .
>
> Mr. Valdez contends the development of the Covid-19 virus is a fact that was unknown to the Court at the time he was ordered detained, and he believes it has a material bearing on whether he should remain detained.

(Mot. ¶¶ 5, 7)

The Court agrees, however, with the government:

> The generalized existence of COVID-19 in the United States does not constitute an "exceptional" reason for Valdez under the second prong. Valdez is 41 years old. He does not claim to have health problems or other risk factors that would make him especially vulnerable to COVID-19. His motion relies solely on general facts about the pandemic. Valdez makes no argument specific to himself about why he believes his release is required.

(Resp. at 7; *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison

3

alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."))

The record evidence supports a finding that officials at the FDC are taking reasonable and prudent steps to prevent the spread of coronavirus within the facility and, to date, the best available evidence suggests that their efforts have largely been successful. (*See* Resp. at 4-7 (detailing efforts BOP generally, and FDC specifically, have undertaken to manage risk of COVID-19); www.bop.gov/coronavirus/index.jsp (last visited May 5, 2020); *see also United States v. Stevens*, 2020 WL 1888968, at *4 (E.D. Pa. Apr. 16, 2020) (noting BOP's precautionary measures and absence of positive cases within FDC Philadelphia (as of April 16), and holding that defendant's generalized concerns and "speculation about possible future conditions at the FDC" did not constitute exceptional reason for release under 18 U.S.C. § 3145(c)); D.I. 255 (government reporting that, as of May 1, 2020, no inmates and only two members of staff had tested positive for COVID-19 at FDC)) As the Third Circuit recently stated in the context of a defendant's request to postpone his date of self-surrender to begin his incarceration, "the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit." *United States v. Roeder,* 2020 WL 1545872, at *3 n.16 (3d Cir. Apr. 1, 2020).

Accordingly, the Court will deny Valdez's Motion.

## CONCLUSION

The Court is sympathetic to the concerns Valdez raises in his Motion and sincerely hopes he will remain healthy and well during the remainder of his pretrial detention. In the Court's view, Valdez can be – and, as far as the record reveals, is being – held at FDC in a manner that is

4

safe and protects his health, at least as well as it would be protected in the non-custodial setting he requests.

      An appropriate order follows.