IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CRIMINAL NO. 17-CR-47 (LPS) |
| | : | |
| ROQUE VALDEZ | : | |

---

DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Roque Valdez, by his attorney, James F. Brose, Esquire, files this sentencing memorandum to request this Honorable Court to sentence defendant to a period of time-served incarceration, and in support thereof states the following.

I.   FACTS.

1.   Mr. Valdez was arrested on May 6, 2017 and charged with several crimes related to trafficking unlawful narcotics. He has been incarcerated at the FDC in Philadelphia since his arrest.

2.   On October 17, 2017, Mr. Valdez pled guilty before the Honorable Judge Sleet to Conspiracy to Distribute 5 kilograms or more of cocaine.

3.   In his written plea and in open court Mr. Valdez has admitted to assisting in the delivery of 77 kilograms of cocaine from California to Delaware in four separate trips over a period of about 6 months.

1

4.    Mr. Valdez was enrolled to have a truck registered in his name, and then to drive that truck with the drugs contained in compressed air containers from California to Delaware where they would be off-loaded and delivered to a co-defendant.  He was paid $10,000 per trip.

5.    Immediately upon his arrest, Mr. Valdez admitted his role in the offense.

6.    Mr. Valdez was originally scheduled to be sentenced on February 6, 2018, but his sentencing has been continued twelve times awaiting the conclusion of his co-defendant's trial.

7.    The case was assigned to the Honorable Judge Stark in July, 2018.

II.    GUIDELINE RANGE CALCULATIONS.

8.    Mr. Valdez pled guilty to delivering 77 kilograms of cocaine.

9.    Pursuant to Section 2D1.1 of the Sentencing Guidelines, delivery of between 50 and 150 kilograms of cocaine results in a base offense level of **34** points.

10.    Mr. Valdez is entitled to a reduction of 3 points for his acceptance of responsibility under Section 3E1.1(a) and (b).

11.    Mr. Valdez is also entitled to a 2-point reduction pursuant to the U.S.S.G. §5C1.2(1)-(5).    As a result, his **Adjusted Offense Level** is **29** Points.

2

12.   Mr. Valdez has one prior conviction for DUI, and his Criminal History category is I.

13.   Pursuant to U.S.S.G. Chapter 5, Part A, based on a total offense level of 29 and a criminal history category of I, the guideline range for imprisonment is **87 to 108 months**.

14.   Pursuant to 841(a)(1) and (b)(1)(B), Mr. Riley is subject to a mandatory minimum sentence of 10 years.   However, because of his eligibility for the Safety Valve, he is not subject to a mandatory minimum.

III.   APPLICABLE DEPARTURES.

Mr. Valdez is entitled to a departure pursuant to the sentencing guidelines manual.

IV.   REQUEST FOR DOWNWARD VARIANCE BASED ON §3553(a) FACTORS.

18 U.S.C.§3553(a) FACTORS.

Under 18 U.S.C. §3553(a), the district court should impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes set forth below.

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

3

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

Further, in determining the particular sentence to be imposed the Court should review the following factors relevant in this case: 1) the nature and circumstances of the offense and the history and characteristics of the defendant, and 2) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

A.    History and Characteristics of the Defendant.

Mr. Valdez is 42 years old.  He was 37 years old when he was arrested in this case.  He was born and raised mostly in Southern California.  He was raised in a loving household where he got along well with his parents and 5 siblings.  Each of his parents have passed away during his incarceration, and he plans to live with his brother Rolando in Arizona upon his release.

Mr. Valdez last year of formal education was 11th grade.  He does not have his GED.  He was enrolled in GED classes at the FDC, but they have were discontinued due to the pandemic.  He has completed several other courses while at the FDC (certificates attached hereto).

Mr. Valdez is a skilled laborer who is proficient in general contracting work, and specifically flooring and tiling.

He has a history of employment dating back to when he was 14 years old. He intends to return to the flooring business upon his release.

Mr. Valdez does not have an issue or history with substance or alcohol abuse. His only prior offense is for a DUI, and by all accounts he is not someone who has been committing crimes his whole life and just got caught.

Mr. Valdez was married in 2005 and divorced in 2014. He and his ex-wife have a 10 year old son who lives with his ex-wife. Before his incarceration, Mr. Valdez was very involved in his son's life, and he intends to resume assisting in the care and raising of his son upon his release from incarceration. His son and ex-wife live very close to where Mr. Valdez intends to live.

Defense counsel can report after over four years representing the defendant, that he is a respectful, intelligent, and likeable man who is extremely remorseful.

Letters of character describing Mr. Valdez's character as a friend, worker, community member and father are attached hereto.

B.    Nature and Circumstances of the Offense.

Mr. Valdez was a mule for a relatively large quantity of cocaine to be transported from California to Delaware. He was completely aware that what he was doing was illegal, but he was down and out and thought this would be a good way to earn money.

5

He drove approximately 20 kilos of cocaine across country with a co-defendant on four different trips and was arrested on the last one.  He was paid $10,000 for each trip (except the last one) and he was given a truck to use to transport the drugs which he also used personally.

Law enforcement was surveilling the purchaser, co-defendant when they arrested Mr. Valdez.  He immediately admitted his role.

3.   Applying the Section 3553(a)(2) Factors.

18 U.S.C. §3553(a) states, "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."

Those purposes are: 1) to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment, 2) to afford adequate deterrence to criminal conduct, 3) to protect the public from further crimes of the defendant, 4) to provide care, training, and treatment to the defendant.

The Court will apply its own reasoning to the application of the first two factors set forth in Section 3553(a)(2), but a starting point will likely be the applicable sentencing guidelines.  Pursuant to U.S.S.G. Chapter 5, Part A, the guideline range for imprisonment is 87-108 months.  These

sentencing guidelines are advisory under United States v. Booker, 125 Sup. Ct. 738, 2005 WL 50108 (2005).

At the time of sentencing Mr. Valdez will have been incarcerated for over 53 months – the last 20 of which were under the additional stress of the Covid Pandemic.  During that entire time he has been housed at the FDC-Philadelphia, which was designed as a holding facility and thus does not have the same sort of educational and training programs of facilities he would have been designated to after a year or so of incarceration under normal circumstances.  His entire family lives across the country which has made visits or furloughs nearly impossible.  Each of his parents passed while he was incarcerated, and he was unable to attend their funerals, which has caused him great remorse.  All these factors add up to his incarceration being much tougher than a normal 53 months.

Like the government, defendant believes the amount of time he has served already meets all the purposes set forth in 18 U.S.C.A. §3553(a)(2).  Given his lack of criminal history, his experience in this case, and a period of supervised release, the Court can be assured Mr. Valdez will not be committing any further crimes. Further, a 53-month sentence for driving drugs across the country will certainly serve as an adequate deterrent to anyone thinking of doing the same.

V.    CONCLUSION.

For the above-stated reasons, defendant requests this Honorable Court to sentence him to a period of incarceration of time served, with the shortest period of supervised release legally available.

Respectfully Submitted,


/s/ James F. Brose
James F. Brose, Esq.
617 Railroad Ave.
Haverford, PA  19041
610-891-1989
Attorney for Defendant

Exhibits

Honorable Gregory Sleet
U.S. District Court Judge
Wilmington, Delaware

RE: Roque M. Valdez (Rocky)

Dear Judge Gregory Sleet;

Entirely cognizant of the circumstances presented to you by my brother's prosecution, I would appreciate an opportunity to present to you a completely different side of this very talented young and handsome man. I once stood before the public as a Maritime Law Enforcement Officer through the US Coast Guard, arresting people like my brother and now it is such an incongruous experience to have to analyze the situation fully aware of the legal ramifications he faces. Yet I assure you this is not a representation of my family's values. He knows better and I believe he is fully aware of it.

Knowing my brother Rocky all of my life and knowing him perhaps better than our own parents because he and I are the 2 youngest kids of 6 boys at home and up we shared many secrets and more as we grew up. As a result, I am confident that the undisputable reports you may have before you, are NOT a true representation nor true reflection of whom he is.

There is a much better side to him and hereby thankful for the opportunity to expose the human side of Rocky to you. In many ways, despite being my younger brother, he has been a role model father to me. Rocky is a very warm and very kind man to his child and to our parents. I have absolutely no doubt in my mind that if his son Diego Valdez could speak to you, he would tell you all about his hero dad and how he would even prefer his dad over his mom. I have no doubt in my mind that if our parents could be here to speak to you, they would also tell you many stories of the real Rocky, untold stories in the reports you have in front of you. Stories about helping others, stories of making us laugh, stories of his business dreams, stories of optimism and many many more.

Undoubtedly prioritizing his parents and child over anything and everything in the world. Despite his lack of education, he has displayed exemplary work ethics including better than many with college degrees. He has been blessed with a very kind heart and every chance he has had to share his blessings he will not hesitate to do so. As a manager of several companies, he has employed many people and given many in our society a second opportunity.

He has trained many others in leadership roles as well as sharing skills such as warehouse equipment operators to others whom may not have been, otherwise, privy of such. He has helped many others including myself and many other non-family members with labor, money, and networked providing resources to help many others in need.

Dear Judge, I have many examples of how Rocky has been vital and dynamic member to our family and to our society in general and henceforth we are all worst without him. Recognizing the negative impact of his bad choices, I truly believe that he needs treatment before walking back into society. I hope he has had enough time to understand the harm he has done to, well, we might never know how many, nevertheless I wish he would be exposed to the physical, moral, mental, financial and social harm to humanity. I wish he would truly understand the negative impact of his elections and compare with the legacy he has left behind with so many he has helped.

My family has been praying for him and hope that God has touched his heart. Additionally, we have been praying for you and all members on both sides of the fence of the prosecution and defense teams. Under the will and grace of God, we trust on your experience and wisdom to sentence my brother Roque Valdez in a fair manner that would represent the interests of the public, the family and him.

I can attest that he is a great man concealed and unrepresented by his actions and those reports. He is a much better person and we hope to see him free soon. I can attest that upon reconciling his actions and consequences Roque Mauricio Valdez will once again be a great asset to our society.

Thank you for the opportunity to approach you your honor and present to you the real "Rocky" I thank you in advance for considering my perspective.

May God bless you always:

Rolando Valdez

3·28·2018



February 11, 2018

Honorable Gregory Sleet
United States District Court Judge
Wilmington, Delaware

**Dear Judge Street,**

My name is Arturo Corona and close friend to Roque Mauricio Valdez. I have known Roque Valdez for a period of fifteen years, we met at a family gathering. We developed a friendship while we both saw each other at family functions due to his sister in law being friends with my ex-wife. Throughout the years our lives continued together with frequent visits at each other's house. He is an accordion player and had a Norteño music group, I was the first person to hire him at a family function, from there our friendship took off. I later divorced but have been in contact at almost every family event/gathering

I provide this reference in full knowledge of Roque's charges. I found out of his arrest when we lost contact and he later reached out to me via email. Through several emails Roque has explained his offence and we discuss it regularly while he awaits his trial. He has expressed to me his shame and remorse at his thoughtless and immature behavior.

The nature of the offence is surprising as I have always found Roque to be a reliable, trustworthy and well respected person. By way of example, when the family would go on vacation for periods of time Roque would house sit for us. He attended my house regularly to feed the dog, mow the lawns, clear the mail and so on. I find him entirely dependable and much relieved by his presence. I've known Roque to be hard working, hold a steady job and supply for his family. He's been there for family emergencies, from driving us to ER, to lending money, and assisting the family with necessary event items.

Approximately a year and a half ago Roque commenced a relationship with Adriana Pereyra. Roque and Adriana and have been dedicated to each other since meeting. I believe this relationship will affect Roque in a positive way, restoring his integrity and belief in family life; distracting him from outside influences. Adriana tells me Roque is a man of word and integrity. He contributes to mortgage, pays an agreed percentage of bills, groceries and house upkeep. It is evident from his behavior that Roque will adopt a mature outlook on life and his future. Roque is involved with his son Diego who is his world, he takes him to baseball games, involved with school/homework and has him with him every chance he gets.

I share in Roque's dismay and embarrassment regarding the commission of this offense. I'm aware that he's being tried for breaking the law, but believe it could only be due to bad influence. I am confident he will take responsibility for his actions, and move on to continue with his now positive and happy outlook. I am confident he will not reoffend.

I can be contacted on the above number below should the Court require any further information.

Sincerely,

Arturo Corona
Human Resources
Circle K Stores Inc.
602-728-6037 w
acorona@circlek.com
602-684-4494cel

Honorable Gregory Sleet
U.S. District Court Judge
Wilmington, Delaware

Your honor, I met The Valdez family during a family event in Mexico in 2006. Since then I have heard good references about them from mutual friends. It was until the winter of 2015 during vacation that Roque M. Valdez and I started talking to each other developing a friendship because we have mutual friends.

As you know family is our first social setting where we gain our most basic values which play an important role in our society. By divine design, the family is a vital cell and Mr Valdez belongs in a traditional family with strong roots which will enable him to return to his exemplary citizen status.

Mr. Valdez is the youngest of six siblings, being last born was a significant factor that helped shape his character. As a family friend, I have noticed the following behaviors:

His role as a son developed a strong sense of commitment to care for his mother, showing deep concern about her health conditions treating her emphatically as a disabled lady. Proud of his father from whom Mr. Valdez inherited his passion for music. About his role as a brother has a strong sense of belonging because he supports them during best, good, bad and worst conditions, showing unconditional love for them, as united family member tend to behave. Last but not least, comes his role as a single father of an eight year old boy which represents his biggest challenge and concern always worrying about his well-being during his absence.

As a friend, I humbly define Roque M. Valdez as a talented, thoughtful, entrepreneur, hardworking, helpful, humble person whom deserves a second chance as a citizen to do his best to contribute to his family, community, society and nation. Matured enough to learn from his mistakes and start over again committed to his family following the humble path his family always taught him and his nation expects from him.

Sincerely,

Mariana Monreal

*Mariana Monreal*

*March 22 2018*

Honorable judge Gregory Sleet                                      03/08/2018

United States District Court Judge

Wilmington, Delaware

Dear Judge Sleet

   My name is Adriana Pereyra, I am currently the girlfriend of Roque M. Valdez and been dating. For the past three years. We met through a mutual friend. I thought he was decent and friendly. During our relationship Roque has shown to be very generous, loving and is always financially. Emotionally supportive. Roque is spontaneous, affectionate and I love his sense of humor. He has shown good character and judgment towards my children and they enjoy being around him.

   Roque is heavily involved with his parents and makes sure they have what they need, his mother is currently ill and unable to walk. He helps his father to care for mom, given a second a chance he will be come back home to assist with her daily care. Roque is also involved with his son Diego, very responsible and affectionate father. He frequently spends time with him at the park and baseball games, they have a strong father/son bond.

   He did not disclose to me what he was doing when he left the house, all I knew is he was working out of state. I love him and will help him in any capacity I can to have him rejoin society as soon as possible. I am aware he is being judged for breaking the law, but confident he is ashamed of his actions. He has always been hard working and maintained well-paying jobs. I can assure you this was a misstep of being with wrong crowd. I know he is working hard towards being better and making a difference; he will learn from this experience and be better for it.

Sincerely,

Adriana Pereyra



**U.S. Department of Justice**

Federal Bureau of Prisons

*Roque Vawez #08928-015*

*Office of the Director*                                    *Washington, DC 20534*

Dear Suicide Watch and Mental Health Inmate Companions,

Of the many valuable inmate programs offered by the Bureau of Prisons, the Inmate Companion Program is one of which I am particularly proud. This program is an example of inmates helping inmates. Those of you who participate in this program are contributing to your community by providing support and hope to your peers.

At the same time you are assisting others, you are learning new skills that will support reentry to your communities and reunification with your families. These skills include listening to others, communicating clearly, putting another's needs before your own, and sticking with a job, even when it is challenging; these skills will pay dividends for the rest of your life.

I have great respect and appreciation for the work you do to prevent suicide and support your peers through their darkest moments. Your work, in collaboration with the professional mental health services provided by the Bureau, truly has the power to save lives.

Sincerely,

Charles E. Samuels, Jr.
Director

Case 1:17-cr-00047-SB    Document 446    Filed 10/08/21    Page 16 of 19 PageID #: 2095



## U.S. Department of Justice
## Federal Bureau of Prisons

# Certificate of Completion

*is presented to:*

# ROQUE VALDEZ

08928-015

For successful completion of

## Suicide Watch/
## Inmate Companion Training

July 8, 2019

Federal Detention Center
Philadelphia, PA

_____
Dr. Daniels, PsyD

Case 1:17-cr-00047-SB    Document 446    Filed 10/08/21    Page 17 of 19 PageID #: 2096



U.S. Department of Justice
## Federal Bureau of Prisons

# *Certificate of Completion*

### *is presented to:*

# *ROQUE VALDEZ*

08928-015

For successful completion of

## Suicide Watch/
## Inmate Companion Training

October 8, 2020

*Federal Detention Center*
*Philadelphia, PA*

Dr. Daniels, PsyD

Case 1:17-cr-00047-SB    Document 446    Filed 10/08/21    Page 18 of 19 PageID #: 2097



**U.S. Department of Justice**
**Federal Bureau of Prisons**

# Certificate of Completion

*is presented to:*

# Roque Valdez

08928-015

For successful completion of

## Mental Health
## Inmate Companion Training

March 1, 2021

*Federal Detention Center*
*Philadelphia, PA*

Dr. Daniels, PsyD



Case 1:17-cr-00047-SB   Document 446   Filed 10/08/21   Page 19 of 19 PageID #: 2098

# unicor

We're life changing.

# CERTIFICATE OF TRAINING

# ROQUE VALDEZ

Has successfully completed

## FPI's Lean Basics Training

January 10, 2020

Date

Lean Basics Instructor